1

NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com

2

WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200

3

Culver City, California 90230

4

Telephone: (310) 997-0471
Facsimile: (866) 286-8433

5

*Attorney for Plaintiff*

6

7

## UNITED STATES DISTRICT COURT

8

## CENTRAL DISTRICT OF CALIFORNIA

9

10

KELLY WHEELER, individually, and on behalf of all others similarly situated,

Case No.  2:21-cv-02344

11

Plaintiff,

**CLASS ACTION COMPLAINT FOR DAMAGES**

12

v.

13

**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**

14

USCB AMERICA,

15

Defendant.

**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**

16

17

**DEMAND FOR JURY TRIAL**

18

19

**NOW COMES** Plaintiff, KELLY WHEELER, individually, and on behalf of all others

20

similarly situated, by and through her undersigned counsel, complaining of Defendant, USCB

21

AMERICA, as follows:

22

## NATURE OF ACTION

23

1.      Plaintiff brings this action against USCB America seeking redress for violations of

24

the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and

25

violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California

26

Civil Code §1788 *et seq.*

27

28

1

1

**JURISDICTION AND VENUE**

2

    2.    This action arises under and is brought pursuant to the FDCPA.

3

4

    3.    Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

5

6

    4.    The Court has supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1337.

7

8

    5.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the

9

Central District of California, USCB America conducts business in the Central District of

10

California, and a substantial portion of the events or omissions giving rise to the claims occurred

11

within the Central District of California.

12

**PARTIES**

13

14

    6.    KELLY WHEELER ("Plaintiff") is a natural person, over 18-years-of-age, who at

15

all times relevant resided in Los Angeles, California.

16

    7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17

    8.    Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

18

    9.    USCB AMERICA ("Defendant") maintains a principal place of business at 355

19

South Grand Avenue, Suite 3200, Box 306, Los Angeles, California 90071.

20

    10.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the

21

principal purpose of Defendant's business is the collection of debt owed to others.

22

    11.    Defendant is a debt collector as defined by Cal. Civ. Code § 1788.2(c).

23

**FACTUAL ALLEGATIONS**

24

    12.    In September 2020, Plaintiff obtained medical services from UCLA Faculty Practice

25

Group ("UCLA").

26

    13.    These medical services generated a balance of $948.40 ("subject debt").

27

28

2

14.     Due to financial difficultly, Plaintiff was unable to meet her obligation to UCLA.

15.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

16.     The subject debt was eventually sold to or placed with Defendant for collection.

17.     On February 25, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

18.     Defendant's Letter depicted, in pertinent part, as follows:



19.     Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

3

1    20.    Defendant's Letter did not conspicuously identify the **current creditor** as required

2    by §1692g(a)(2) of the FDCPA.

3    21.    Specifically, Defendant's Letter identified "UCLA Faculty Practice Group" as a

4    "Creditor" but did not identify the **current creditor.**

5

6    22.    Additionally, the letter had a payment coupon attached.

7    23.    The payment coupon advised that Plaintiff should "make check or money order

8    payable to: USCB America."

9    24.    Defendant's Letter confused Plaintiff as she was unable to determine if the original

10   creditor, UCLA, was also the current creditor. In other words, just because UCLA may have been

11   the original creditor does not necessarily mean that it is also the **current creditor.**

12

13   25.    Further obfuscating the identity of the **current creditor**, Defendant's Letter

14   requested that payment be made directly to Defendant and not UCLA, stating that UCLA

15   "assigned" the subject debt to Defendant, thus leading Plaintiff to believe that Defendant may be

16   the current creditor collecting its own debt.

17   26.    Defendant's Letter also stated that Plaintiff could write to Defendant to find out if

18   the original creditor was different from the current creditor. This language raised the possibility

19   that the subject debt could have been sold but did not clarify who actually owned the subject debt.

20

21   27.    Accordingly, Defendant's Letter confused Plaintiff as she was unable to determine

22   whether UCLA, Defendant, or an unknown third party was the current creditor to whom the subject

23   debt was owed.

24   28.    Moreover, Defendant's Letter listed the "Total Amount Due" of the subject debt as

25   $948.40 but did not indicate whether interest was accruing on the subject debt.

26   29.    Accordingly, Plaintiff was uncertain as to the actual amount of the subject debt.

27   Specifically, Plaintiff did not know whether interest was accruing on the subject debt.

28

30.     In other words, Plaintiff was uncertain as to whether payment of the principal balance of $948.40 would satisfy the subject debt or whether the balance increased from the date Defendant's Letter was sent to the date Plaintiff received Defendant's letter due to the accrual of interest.

31.     The confusing and misleading language in Defendant's Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of her right to receive critical information required by the FDCPA, including the name of the current creditor and the amount of the subject debt.

## CLASS ALLEGATIONS

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

33.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated (the "Putative Class"), defined as follows:

> All natural persons residing in the United States (a) to whom USCB America sent a letter to containing the identical language highlighted in the collection letter; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt originated by UCLA Faculty Practice Group.

34.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) USCB America, USCB America's subsidiaries, parents, successors, predecessors, and any entity in which USCB America or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such executed persons; and (6) persons whose claims against USCB America have been fully and finally adjudicated and/or released.

**A.      Numerosity**

35.      Upon information and belief, the members of the Putative Class are so numerous that joinder is impracticable.

36.      The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

37.      The members of the Putative Class are ascertainable because the class is defined by reference to objective criteria.

38.      The members of the Putative Class are identifiable in that their names, addresses, email addresses, and telephone numbers can be identified in business records maintained by USCB America.

**B.      Commonality and Predominance**

39.      There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

40.      Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of USCB America's conduct.

**D.      Superiority and Manageability**

41.      This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

42.      The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

43.      By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

6

44.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E.     Adequate Representation

45.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

46.     Plaintiff has no interests antagonistic to those of the Putative Class, and USCB America has no defenses unique to Plaintiff.

47.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

48.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.   Violations of 15 U.S.C. §1692e

49.     Section 1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of a debt. 15 U.S.C. §1692e(2)

50.     Section 1692e(10) of the FDCPA prohibits a debt collector from the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §1692e(10)

51.     Defendant violated §§1692e(2) and (10) by falsely representing the character and amount of the debt.

52.     Specifically, "the unpaid principal balance is not the debt; it is only a *part* of the debt; the [FDCPA] requires the statement of the [entire] debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC,* 214 F.3d 872, 875 (7th Cir. 2000).

53.     Plaintiff was highly confused by the presentation in Defendant's Letter and was unable to determine the amount of the subject debt.

54.     Plaintiff was concerned that if she paid the amount stated in Defendant's Letter, Defendant could still seek the interest that accrued after Defendant's Letter was sent but before the balance was paid.

**b.   Violation(s) of 15 U.S.C. § 1692g**

55.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

>       (1)     **t**he amount of the debt;

>       (2)     **the name of the creditor to whom the debt is owed**;

>       (3)     a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

>       (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

>       (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

56.     Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

57.     Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

58.     Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

59.     As set forth above, Defendant's Letter confused Plaintiff as she was unable to determine whether UCLA, Defendant, or an unknown third party was the current creditor to whom the subject debt was owed.

60.     The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and misrepresentations were material.

61.     Assuming that UCLA is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020).

**WHEREFORE**, Plaintiff KELLY WHEELER, on behalf of herself and the members of the Putative Class, requests the following relief:

A.     an order granting certification of the proposed class, including the designation of Plaintiff as the named representative and the appointment of the undersigned as Class Counsel;

B.     a finding that Defendant violated the aforementioned sections of 15 U.S.C. §1692;

C.     an order enjoining Defendant from further violations of 15 U.S.C. §§ 1692;

D.     an award of any actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violations;

E.     an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

F.     an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

G.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

H.     an award of such other relief as this Court deems just and proper.

## COUNT II:

### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)

62.   Plaintiff restates and realleges all preceding paragraphs as though fully set forth herein.

63.   California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

64.   As pled above, USCB America violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692g(a); therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiff KELLY WHEELER, on behalf of herself and the members of the Putative Class, requests the following relief:

a.   Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

b.   an order enjoining Defendant from further violations of the Rosenthal Fair Debt Collection Practices Act;

c.   an award of statutory and actual damages sustained by Plaintiff and the Members of the Putative Class as a result of Defendant's violations;

d.   an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

e.   an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

f.   an award of such other relief as this Court deems just and proper.

Dated: March 17, 2021                          Respectfully submitted,

                                               By: /s/ Nicholas M. Wajda

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com